SECRETUS GABLE

*v.*

JOHN WETHERHOLT.

116 313|
145 669|
40a 336|

*Filed at Springfield March 27, 1886.*

1. LANDLORD AND TENANT—*tenant claiming adversely to his landlord—right to acquire outstanding title.* While the relation of landlord and tenant exists, the latter, in respect to his obligations to the former, such as the payment of rent and the surrender of the premises at the end of the term, is estopped from disputing his title, or from setting up title in himself or another. But this rule does not prohibit the tenant, during the tenancy, from purchasing any outstanding title, and from asserting the same against the landlord after the expiration of the tenancy, and yielding up the possession. The estoppel to deny the title of the landlord then no longer remains.

2. There are fiduciary relations where one may not purchase and hold for himself an adverse interest, but the purchase will inure for the benefit of the person toward whom he holds the confidential relations. But a tenant, at least ordinarily, does not occupy such a relation to his landlord, and may purchase an adverse title, and assert it against his former landlord after having surrendered possession to him.

3. INJUNCTION—*as to action of ejectment—where matters of a purely legal character are involved.* Where the title and interest of a defendant in ejectment are purely legal, and his defence available and cognizable at law, it is error to enjoin the prosecution of the action.

APPEAL from the Circuit Court of Cumberland county; the Hon. WILLIAM C. JONES, Judge, presiding.

The bill in equity in this case, filed by John Wetherholt, against Secretus Gable and others, on February 20, 1883, represents that the complainant is the owner in fee of the east half of the south-west quarter of section 21, in township 9, north of range 9, east, in the county of Cumberland, in this State, except seventeen acres off of the south end and five acres off of the north end of the tract; that he and his grantors have had the sole and exclusive possession of the land, paying all taxes thereon for the past twenty years and more, claiming the same by paper title of record; that on October 15, 1839, one Joseph Musquefelt purchased from

the United States the following described lands, including
the land of complainant, viz: The south-east quarter of the
north-west quarter, the south-west quarter of the north-east
quarter, the north-east quarter of the north-east quarter, the
west half of the south-east quarter, and the east half of the
south-west quarter, all of said section 21; that on October 7,
1842, said Musquefelt sold and conveyed all of said lands
to one John Bresler; that Bresler died leaving no child or
children, or descendants of such, but leaving his widow, Eliz-
abeth, who claimed to be entitled to one undivided half of said
lands; that she subsequently intermarried with one Henry
Feltner, and on October 19, 1854, conveyed said lands, in-
cluding the complainant's, to said Feltner, who afterward
sold and conveyed the same to Samuel Peters; that in 1862,
in a suit for partition of said lands, brought by Peters against
the seven brothers and sisters of John Bresler as his heirs,
there was an order of partition made between the parties, in
which there was set off to Peters, to be held by him in sev-
eralty, the west half of the south-east quarter, and the south-
west quarter of the north-east quarter of said section 21, and
to each of the seven brothers and sisters of John Bresler a
parcel of seventeen and one-seventh acres in the east half of
the south-west quarter, and the south-east quarter of the
north-west quarter of said section 21, to hold in severalty,
two of such brothers being Michael Bresler and Peter Bresler,
and one of said sisters, Mary Stewart; that complainant
bought the land he claims to own from David P. Greeson, on
December 1, 1881; that at the time of such purchase, Gree-
son had before entered into a written lease with one Lowry
Gable, leasing said land to the latter for the term of five years,
from and after March 1, 1882, and that Gable has, ever since
the lease went into effect, had the land in possession, and
lived on the same; that in 1882, Gable, so being the tenant
of complainant, obtained from Michael Bresler and Peter
Bresler, pretended heirs of John Bresler, a deed to a portion

of complainant's land; that said Gable, on January 29, 1883, conveyed said land to his brother, Secretus Gable; that on January 29, 1883, Secretus Gable commenced his suit of ejectment against complainant and Lowry Gable, to recover, under his said deed from Lowry Gable, the possession of the land, which suit was then pending and undetermined. The bill prays that complainant's title to the land may be confirmed, that Secretus Gable may be enjoined from further prosecuting his ejectment suit, and for the removal of clouds upon the title.

The answer of Secretus Gable contains a general denial of the allegations of the bill, avers that he is the legal owner of the land, and that the court has no jurisdiction to try purely legal titles, as are involved in this case. Replication was filed, proofs taken, and on hearing the court decreed that the title to the land was in the complainant; that upon his payment to Secretus Gable, within a time mentioned, of one hundred dollars, with interest from July 19, 1882, the latter should execute to the complainant a deed conveying the land so purchased by Secretus Gable from Lowry Gable, and that Secretus Gable be enjoined from further prosecution of his ejectment suit. Secretus Gable takes this appeal.

Messrs. CRAIG & CRAIG, and Mr. LEVI N. BREWER, for the appellant:

The only legal question in this case is whether a tenant, during his tenancy, may purchase an interest in the demised premises adverse to the landlord. That he may not, has never been held. Nor is it law that in case the tenant purchases an adverse interest, he holds it as a resulting trust. It is true the tenant can not set up the adverse interest as between himself and the landlord while the relation exists.

If the complainant had any defence, it was available in the ejectment suit. The court therefore erred in enjoining that suit.

The estoppel between landlord and tenant does not prevent the tenant from purchasing any outstanding title, and he may use it after the expiration of his tenancy.   2 Leading Cases Am. Law, Real Prop. 70.

Mr. W. S. EVERHART, for the appellee:

That a tenant can not deny his landlord's title nor set up title in himself or another, we submit the following: *Doty* v. *Burdock*, 83 Ill. 473; Taylor on Landlord and Tenant, sec. 629, p. 451; 6 Wait's Actions and Defences, 709; Bigelow on Estoppel, 348.

It makes no difference that a tenant may have been in possession as tenant of a former landlord.   He is precluded from denying the title of either.   Nor has one succeeding to right of tenant, by deed or otherwise, greater rights than the tenant. *Harden* v. *Forsythe*, 99 Ill. 312; *Stewart* v. *Roderick*, 39 Am. Dec. 71; *Jackson* v. *Davis,* 15 id. 451; *Emerick* v. *Tavener*, 58 id. 217.

Neither landlord nor tenant can take advantage of the other, and if either attempts it the other has his remedy in equity. 1 Story's Eq. Jur. sec. 323.   See, also, *O'Halloran* v. *Fitzgerald*, 71 Ill. 53.

That a court of equity has jurisdiction of this case, we submit the following authorities in addition to the one just cited: *Weaver* v. *Poyer*, 79 Ill. 417; *People* v. *Force*, 100 id. 549; *Harrell* v. *Litzland*, 81 id. 457; *Aholtz* v. *Peller*, 88 id. 24; *Brooks* v. *Keams*, 86 id. 547.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

There is manifest error in this decree.   The evidence entirely fails to show twenty years' possession of the land in the complainant and his grantors, or any such possession and payment of taxes, or any such payment of taxes, as would vest in him the ownership of the land.   All of title which the proof shows to be in him to any of the land, is under his pur-

chase from David P. Greeson; and by that purchase there was acquired only the interest in the land of Mary Stewart, as a sister and one of the heirs of John Bresler, which interest embraces no part of the land in controversy. The land in dispute is the interests of Michael Bresler and Peter Bresler, being the two parcels of land of seventeen and one-seventh acres each, which were set off to them in the partition suit, as two of the brothers and heirs of John Bresler. David P. Greeson made a lease of this land, with other land, to Lowry Gable, on November 28, 1881, for five years, from March 1, 1882, and Gable went into possession under the lease. On December 3, 1881, Greeson conveyed the land to Wetherholt, the appellee. In July, 1882, Gable being in possession as such tenant, obtained from the Breslers his deed from them of their interests, being the land in controversy, and in 1883 Lowry Gable sold and conveyed the land to Secretus Gable, the appellant.

The position taken by Wetherholt, the appellee, is, that Lowry Gable, while such tenant, could not purchase and hold for himself an outstanding title to the land; that his relation of tenant was a fiduciary one toward his landlord, and such purchase made by him inured to the benefit of the landlord or his grantee. And such must have been the theory of the decree, as it ordered a conveyance of the land by Secretus Gable to Wetherholt, on being repaid the purchase price which was paid for the land. In support of this position, reliance is had upon the doctrine that a tenant can not deny his landlord's title, nor set up against him title in himself or another. This principle is not broad enough in extent to cover appellee's contention in this case. It applies while the relation of tenant exists, and as respects any obligation under the lease. The tenant must pay rent under his lease, and must surrender up to the landlord the possession he receives from him. As against these or other obligations under the lease, the tenant may not deny his landlord's title, and set up title in

himself or another. But the principle relied on, or any other rule that we know of, does not prevent the tenant from purchasing any outstanding title, and, after the expiration of the tenancy and the yielding up of the possession, from asserting such title against the former landlord. The estoppel to deny the title of the landlord then no longer remains. *Jackson* v. *Harper*, 3 Wend. 246; *Hodges* v. *Shields*, 18 B. Mon. 828; *Williams* v. *Garrison*, 29 Ga. 503; *Brown* v. *Keller*, 32 Ill. 151.

There are fiduciary relations where one may not purchase and hold for himself an adverse interest, but the purchase will inure to the benefit of the person toward whom he holds the confidential relation. But landlord and tenant, at least in such a case as here presented, we do not understand to fall in this class of relations.

There was error in decreeing the title to the land to be in John Wetherholt, and in decreeing that Secretus Gable should convey the land to Wetherholt; also, in enjoining the prosecution of the ejectment suit. Whatever of interest in the land the record shows to be in Wetherholt, is legal, and not equitable, and might as well have been set up in the ejectment suit as in this suit in chancery, and therefore the prosecution of the ejectment suit should not have been interfered with.

The decree, so far as it respects Secretus Gable, is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*