## WILBUR H. SMITH

### v.

## MARTIN & OESTERLE, USE, ETC.

*Sales—Joint Liability— New Promise—Parties—Amendment.*

1. This court affirms a judgment for a balance on account of goods sold, on the ground that the defendant was jointly liable with another, and that the evidence shows a new promise within five years to pay the balance due.

2. A new party plaintiff may be joined with the original plaintiff, upon an appeal from a justice, after trial has begun in the Circuit Court.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding.

Messrs. FITHIAN & COWING, for appellant.

Mr. E. MEERS, for appellees.

Smith v. Martin & Oesterle.

C. B. SMITH, J.   This is an appeal from the Circuit Court of Will county, from a judgment rendered against appellant for the sum of $11.25.   It was brought to the Circuit Court on appeal from a justice of the peace.

It appears from this record that certain employes of the C., P. & S. W. R. R. Co. desired to make a present to the superintendent and auditor of the road, and a fund was subscribed for that purpose, and paid to one Morton, the chief clerk in the auditor's office, who was also appointed to buy the presents.   The appellant was one of the subscribers to the fund.   He also appears to have taken some part in buying the presents of appellees; appellees claim and testify that the goods were sold to Morton and Smith and delivered to them, and charged to them on the books.   Appellant denies this. There was paid on the delivery of the goods $84.50.   Some time afterward $25 more was paid.   Morton then left and paid nothing more on the bill until in 1883.   There is testimony tending to prove that appellant promised appellee that if Morton would pay one-half the balance, he would pay the other half.

We think the court was justified in finding that appellant was a joint purchaser of these goods, and jointly liable with Morton.   We think also that the proof showed a new promise on the part of appellant within five years to pay the balance of the account.

It is urged that the court erred in permitting a new party plaintiff to be joined with the original plaintiff before the justice on appeal, and after the trial had begun and evidence heard in the Circuit Court.   There was no error in this.   Mc-Dowell v. Town, 90 Ill. 359.

*Judgment affirmed.*