JAMES A. WEBB

v.

SAMUEL HEYMAN.

*Landlord and Tenant—Forcible Detainer—Demand.*

1. A tenant remaining in possession of premises after the expiration of his term is a trespasser, and is estopped to deny the title under which he entered.

2. The lessee under a new lease may reclaim possession of such premises and put the old tenant out.

3. No demand for possession is necessary before bringing forcible detainer against a tenant holding over.

[Opinion filed March 13, 1891.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. W. S. FORREST and THORNTON & CHANCELLOR, for appellant.

Messrs. KRAUS, MAYER & STEIN, for appellee.

GARY, J.    On the 1st day of May, 1890, the appellant was in possession of the premises, No. 151 Clark street, in the city of Chicago, holding over from a demise of which the following receipt was the evidence:

"Received of James V. Webb rent for 151 Clark street, same being for one month, ending April 24, 1890, $100.

HATHAWAY, SOULE & HARRINGTON,
T. H. CHAMBERLAIN."

The appellee then had a lease from the landlords of the appellant, dated February 12, 1890, for a term beginning May 1, 1890, and ending April 30, 1892.

The appellant was wrongfully in possession, his term having expired. He was a trespasser. Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151; Keegan v. Kinnare, 123 Ill. 280. And estopped to deny the title under which he entered. Gable v. Wetherholt, 116 Ill. 313.

That title for the next two years having passed to the appellee, he was entitled to reclaim the possession and put the appellant out. Gazzolo v. Chambers, 73 Ill. 75.

Under the present statute, Chap. 57, Sec. 2, Clause 4, R. S., no demand for the possession is necessary before bringing forcible detainer against a tenant holding over.

The statute of 1845, under which Ball v. Peck, 43 Ill. 482, was decided, did require such demand. The cases cited by appellant are not cases of tenants holding over.

This suit of forcible detainer, commenced by the appellee against the appellant May 1, 1890, rightly ended in a judgment for the appellee, which is affirmed.

*Judgment affirmed.*