## Willis P. Dickinson v. John P. Bull.

1.  SHORT CAUSE CALENDAR—*Time Allowed for Call of.*—The statute requires that "at least one day in each week" shall be set apart to try causes upon the short cause calendar, but such provision does not operate to the exclusion of all days but one where the size of the calendar demands more.

2.  COURTS—*Presumption as to Compliance with Rules.*—In the absence of a showing to the contrary, the presumption is that the court complied with its rules with reference to the calling of its short cause calendar.

3. PROMISSORY NOTES—*Legal Holder May Recover on.*—In a suit on a promissory note, proof that the plaintiff has no beneficial interest in the note, is not a bar to the suit; it is enough that the plaintiff is the legal holder of the note.

**Assumpsit**, on a guarantee of a promissory note. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed October 21, 1897.

JAMES L. CLARK, attorney for appellant.

CRATTY BROS., JARVIS & CLEVELAND, attorneys for appellee.

PER CURIAM.

Appellant was sued upon his guaranty of a promissory note for $500, made by one Alfred C. Clark to the order of himself and by him indorsed, and this appeal is from the judgment for $514.70 recovered in the action, upon the verdict of a jury.

When the case was called for trial, the attorney for appellant filed his own affidavit, setting forth reasons for a continuance of the cause, including what two specified absent witnesses would swear to, and to avoid the effect of a continuance the appellee admitted in open court that the absent witnesses relied upon would testify as stated in the affidavit, but reserved the right to object to the competency and sufficiency of their testimony; and thereupon the cause proceeded and said affidavit was read in evidence in behalf of appellant.

The jury, without instructions, returned a verdict for the amount due upon the note.

The assignments of error that are argued raise only technicalities. The first one is that a cause may not be upon a short cause calendar more than one day in a week, and that the custom of the courts in Cook county is to call such calendars only on Mondays, whereas this cause being upon the calendar for Monday, but not reached, was called and tried on the following Friday.

The statute requires that "at least one day in each week" shall be set apart to try causes upon the short cause calendar, but such provision does not operate to the exclusion of all days but one in a week, where the size of the calendar demands more. Armstrong v. Crilly, 51 Ill. App. 504.

If there be a custom of the courts in Cook county such as appellant asserts, it is not shown by this record, and we need say no more about it. In the absence of all showing to the contrary, the presumption is that the court complied with its rules with reference to the calling of its short cause calendar.

It is argued that because it was proved the appellee had no beneficial interest in the note, a new trial should have been granted by the court below.

It is enough that the plaintiff in a suit upon a promissory note be the legal holder thereof. If he be not the beneficial owner, all defenses that would be available against the beneficial owner for whom he holds, would be good against him. This disposes of the only hint the record contains of any merit in appellant's defense to the note.

The judgment ought to be affirmed, and it is so ordered. Judgment affirmed.

Judge SEARS took no part in the decision of this case.