Merriam v. Martin.

---

**Joseph W. Merriam et al. v. William L. Martin et al.**

**Gen. No. 13,201.**

1. COSTS—*when motion for apportionment of, should be made.*
A motion for the apportionment of costs should be made in the trial court.

2. AMENDMENT—*what does not preclude addition of new party.*
The fact that the person sought to be added had been a party

to the cause in the justice court but was dismissed therefrom, does not preclude the right to amend by again adding such person as a party.

3. AMENDMENT—*right to add new party after appeal from justice.* After an appeal from a justice of the peace, a new party may be added by amendment.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed April 4, 1907.

WILLIAM SCHULZE, for appellants.

ALLEN G. MILLS, for appellees.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The appellees, Martin, Hall and Chambers, brought an action before a justice of the peace in Cook county, for rent upon a lease signed by Story, Merriam and Phelps. All three defendants were served. The appellees, however, dismissed the suit against Merriam in the justice court, and took judgment against Story and Phelps for $166.68. Story appealed from this judgment October 16, 1905. October 19, 1905, a transcript of the judgment was filed in the Circuit Court. Summons was served on Charles Phelps December 4, 1905, and January 19, 1906, appellees obtained leave in the Circuit Court to amend all papers and proceedings by making J. W. Merriam a party defendant. Summons was issued and served upon Merriam January 22, 1906. On March 12, 1906, the death of the defendant Story was suggested on the record. March 26, 1906, the case was called and on the verdict of a jury judgment was rendered against Merriam and Phelps for $83.34, "with costs and charges in this as well as the court below expended."

The appellants Merriam and Phelps have appealed to this court, and say that two questions are presented:

First. Was J. W. Merriam properly brought in on motion of the appellees?

Second. Was a judgment against him for costs in the justice court, proper?

It is urged by appellees that neither of these questions can be properly raised in this court, because not raised by the appellants in the court below.

It would seem, at least, that this position is reasonable so far as the judgment for costs by the Circuit Court is concerned. The objection should have been made there. It is substantially a demand for the apportionment of costs under section 20 of chapter 33 of the Revised Statutes. As to such apportionment the Supreme Court seems to say we have no jurisdiction. Lee v. Quirk, 20 Ill. 392. In any event we do not see why it is not a matter possible of apportionment and settlement between the appellants themselves, without interference by us with a judgment to which the plaintiff is entitled. The amount involved is very small, so small that it may well be said to come under the maxim *de minimis non curat lex.*

Whether on the point concerning the making of Merriam an additional party in the Circuit Court, the appellants are foreclosed by not preserving their objections in a bill of exceptions, it is not necessary for us to decide. We prefer to waive it and consider the proposition of appellants on its merits.

The transcript from the justice shows that "on motion of plaintiff the suit was dismissed as to the defendant Merriam at plaintiffs' costs" on October 3, 1905, and that afterward judgment was rendered against Phelps and Story. It is because of this dismissal in the justice court that the appellants say Merriam could not again be made a party to the same suit. He had "prevailed," "established his defense," "successfully defended" before the justice, the appellants say, and therefore under the authority of Fabri v. Cunio, 1 Ill. App. 240, could not be brought again into the suit in the court above.

We think the vice of this reasoning is in the premise. Merriam had not "successfully defended," or "established his defense," or "prevailed" in the justice court. He was dismissed out of the case, which left the matter as though no suit had ever been begun against him. Then he was brought in in the Circuit Court, as any new party could have been, and the fact that he once had been joined in the suit before the justice was of no importance or materiality.

The question therefore resolves itself, in our view, into this: When a judgment defendant appeals from a judgment of a justice to the Circuit Court, where the trial is *de novo*, can the judgment plaintiff bring into the case in the Circuit Court, by amendment, a new party?

By force of section 23 of the Practice Act, which allows the introduction of any necessary new party as defendant at any time before final judgment in a civil case, we think he can. And so the Appellate Court of the Second District has expressly decided. Smith v. Martin, et al., 28 Ill. App. 224.

The judgment of the Circuit Court is affirmed. We do not think it a proper case to assess additional damages as for an appeal taken for delay, nor to tax costs for the additional transcript or abstract. The error in the original transcript, by which "defendants" is made "defendant" in the judgment order, was undoubtedly a mere clerical error, for which appellants were not responsible.

*Affirmed.*