## Arthur Travis, Appellee, v. Thomas L. Geiger, Appellant.

### Gen. No. 6,762.

1. FORCIBLE ENTRY AND DETAINER, § 31*—*demand for possession as not necessary before bringing action against tenant holding over.* Under the 4th paragraph of section 2 of the Forcible Entry and Detainer Act (Rev. St. ch. 57, J. & A. ¶ 5843), a demand for possession is not necessary before bringing an action for forcible detainer against a tenant holding over.

2. FORCIBLE ENTRY AND DETAINER, § 67*—*title as not litigable.* An action of forcible detainer by a lessee against a tenant holding over is possessory only, and the question of title cannot be tried, but only the right of possession.

3. FORCIBLE ENTRY AND DETAINER, § 67*—*holdover tenant as not entitled to deny right of possession of lessor or second tenant.* In an action of forcible detainer brought by a second tenant against a holdover tenant, each of them having received leases from the same testamentary trustee, defendant cannot be heard to deny the right either of the trustee or of the plaintiff to possession.

Appeal from the Circuit Court of Lee county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed December 17, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

H. A. Brooks and Lebbeus Woods, for appellant.

E. E. Wingert, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

Travis sued Geiger and wife before a justice of the peace in Lee county in forcible detainer to recover possession of a farm and had a judgment against them, from which they appealed to the Circuit Court where the case was tried without a jury. The wife disclaimed any interest in the possession of the premises and the suit was dismissed as to her. Travis had a judgment against Geiger, and the latter prosecutes this appeal.

It was stipulated that at the time of making two leases hereinafter mentioned, Edward E. Wingert was the lawfully appointed, duly qualified and acting trustee under the last will and testament of John L. Geiger, deceased. Under the date of January 25, 1918, he leased said premises to Thomas L. Geiger for a term beginning March 1, 1918 and ending March 1, 1919. Under date of November 30, 1918, said trustee leased said premises to Arthur Travis for a term beginning March 1, 1919 and ending March 1, 1920. This suit was begun March 6, 1919, by Travis to secure possession from the former tenant. Geiger contends that before Travis could maintain this action it was necessary for him to serve Geiger with a notice or demand for possession of the premises, and that it was necessary for him to show that said trustee had authority to lease these premises. The suit is, in fact, under the 4th paragraph of section 2 of chapter 57 of the Revised Statutes (J. & A. ¶ 5843), an act in regard to forcible entry and detainer. Section 2 reads: "The person entitled to the possession of lands or tenements may be restored thereto in the manner hereafter provided: * * * Fourth—When any lessee of the lands or tenements, or any person holding under him,

holds possession without right, after the determination of the lease or tenancy by its own limitation, condition or terms, or by notice to quit, or otherwise.'' Under that clause a demand for possession is not necessary before bringing an action of forcible detainer against a tenant holding over. *Condon v. Brockway,* 157 Ill. 90, on page 94. If demand were necessary, the trustee mailed Geiger a letter under date of December 6, 1918, in which he told Geiger that he must arrange for another place for the 1st of March next; and it was stipulated that before and after that date, Wingert, as trustee, had orally notified Geiger that said lease must terminate according to its terms on March 1, 1919, and that on one occasion Geiger replied that he would leave if he had to, and that before March 1, 1919, Geiger secured another place.

This action is possessory only. The question of title cannot be tried, but only the right of possession. *Meier v. Hilton,* 257 Ill. 174. A second tenant may recover in this action against the tenant holding over without right. *Ball v. Chadwick,* 46 Ill. 28. Travis had a lease from the same landlord as Geiger, professing to act in the same capacity as trustee, and it was stipulated that he was the duly acting trustee at the time he executed each of said leases, and it is familiar doctrine that a tenant cannot dispute his landlord's title. Geiger, therefore, could not be heard to deny either the right of the trustee to possession or the right of the subsequent tenant to possession. The rulings of the court below upon the propositions of law presented by Geiger are in accordance with these views.

The judgment is therefore affirmed.

*Affirmed.*

Mr. Justice Heard took no part.