John L. Hoff, Appellee, v. James J. Dougherty, Administrator of the Estate of John M. Dougherty, Deceased, Appellant.

## Gen. No. 7,731.

1. NEGOTIABLE INSTRUMENTS—*who is prima facie owner.* The possessor of a negotiable note is prima facie owner thereof.

2. NEGOTIABLE INSTRUMENTS—*owner of legal title may sue.* Suit on a negotiable note is properly brought in the name of the holder of the

legal title thereto, and the fact that another has an equitable interest in the note is no defense.

3. JUDGMENTS—*on joint obligations.* In an action against the estate of one of two joint makers of a negotiable note by the legal holder thereof, the court is without jurisdiction to enter judgment against the estate for one-half of the amount of the note, notwithstanding the co-maker has an equitable interest in the note as against the holder, such comaker not being a party to the action and the suit being one at law.

Appeal by defendant from the Circuit Court of La Salle county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed January 20, 1927.

WOODWARD, HIBBS & POOL, for appellant.

BUTTERS & BUTTERS, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

John L. Hoff, appellee, filed a claim in the probate court of La Salle county against James J. Dougherty, administrator of the estate of John M. Dougherty, deceased, appellant, on a note for $9,800, which had been given by John M. Dougherty and J. L. Bane to the First National Bank of Ottawa. The administrator of the estate of the said John M. Dougherty, deceased, filed objections to the claim on the ground that John L. Hoff, claimant, was not a bona fide holder of the note; that he filed the claim on behalf of Bane the comaker; that the note was paid by Bane and the assignment to Hoff, the claimant, was merely color-able; and that the claimant is only entitled to contribution from the estate of the said John M. Dougherty, deceased, for one-half of the principal on the note.

The probate court allowed the claim for the full amount and an appeal was prosecuted to the circuit court where the claim was also allowed for the full amount, and a further appeal is prosecuted to this court.

The case was heard in the circuit court upon a stipulation of facts and the testimony of appellee. It

appears that John M. Dougherty and Bane executed the note in question to the First National Bank and certain collateral security was put up belonging to Bane; that after the death of Dougherty appellee gave his note secured by the chattels of Bane, and the note in question was indorsed by the bank to him. Appellee subsequently renewed his note to the bank on several occasions and later on filed the note in question against the estate of the said John M. Dougherty, deceased. The evidence discloses the fact that appellee Hoff is the legal holder of the note. His possession is prima facie evidence of that fact. The evidence shows that he gave his own note in payment thereof.

A suit on a promissory note is properly brought in the name of the person in whom the legal title to the note is vested, and it is a matter of no consequence, so far as the defendant is concerned, who may be the equitable owner of the note if he has no defense to it. *Caldwell v. Lawrence*, 84 Ill. 161.

Possession of a negotiable note is prima facie evidence of ownership by the possessor. *Henderson v. Davisson*, 157 Ill. 379.

In a suit on a promissory note, proof that the plaintiff has no beneficial interest in the note is not a bar to the suit; it is enough that the plaintiff is the legal holder of the note. *Dickinson v. Bull*, 72 Ill. App. 75.

Where a promissory note shows an indorsement of the same to the plaintiff by the payee, the suit is properly brought in the plaintiff's name as the party holding the legal title, and the action cannot be defeated by showing that another person is entitled to the proceeds of a portion thereof. The rights of such person are not prejudiced by the recovery but he may look to the plaintiff. *Lohman v. Cass County Bank*, 87 Ill. 616.

The mere fact that collateral of Bane secured the note that the appellee gave in payment of the note in question is immaterial in this cause. The note probated against the estate of Dougherty must either be

allowed for the full amount or it must not be allowed at all. The court does not have equitable jurisdiction in this case for the reason that it is a legal claim. Bane is not a party to this proceeding and the court could not enter a judgment which would bind him.

It is insisted by the appellant that the estate of John M. Dougherty is insolvent and therefore is only liable for one-half of the note, and that judgment should have been for only one-half that was due on the note. The note is a joint and several one and it could be placed in judgment against either one or both of the makers thereof. If it was placed in judgment against one of the makers then the one making such payment would be entitled to contribution from the other maker. So in this case if the claim is allowed against the estate of Dougherty then the estate would be entitled to contribution against Bane for its share for whatever was paid on the note by the estate, so in no event could the estate be injured by reason of the fact that the note was allowed as a claim against the estate for the full amount.

We are not unmindful of the fact that it is suggested that there is collusion between the appellee and Bane, who is the father-in-law of appellee, with reference to the principal of this note and the filing of the claim against the estate, but as the legal title is in appellee he was entitled to have it allowed against the estate for the full amount and for that reason the judgment of the circuit court will be affirmed.

*Judgment affirmed.*