### E. P. Howard et al., Appellees, v. Charles H. Reith, Appellant.

1. PLEADING—*amendment joining parties on appeal from justice court.* After trial is begun in the circuit court in a case appealed from the justice court and the defendant has moved for a directed verdict at the close of plaintiff's evidence on the ground of nonjoinder of plaintiff's partner as the suit was brought to collect a debt due the firm, the court properly allowed an amendment by plaintiff to join the other partner as coplaintiff and properly overruled the motion for directed verdict.

2. PLEADING—*when amendment allowed considered as made.* In a suit by one partner to collect a firm debt, and in which the court permitted the plaintiff to join as coplaintiff his partner after defendant's motion for directed verdict for nonjoinder, the trial then proceeding on the assumption the amendment had been made, the court on appeal will treat the case as though the amendment had actually been made.

3. PLEADING—*when amendment allowed considered as made.* In a suit brought by one partner to collect a firm debt, after defendant's motion for directed verdict on the ground of nonjoinder by plaintiff of his partner had been overruled upon order made allowing plaintiff to join his partner, and defendant proceeded as though amendment had been made and did not renew his motion at the close of all the evidence, he is in no position to urge the question on appeal.

4. APPEAL AND ERROR—*when motion to set aside verdict not contained in transcript not considered.* A motion to set aside a verdict

and enter judgment for defendant on the ground of nonjoinder of a necessary party plaintiff will not be considered by the Appellate Court if it does not appear in the transcript of the record, even though the making of the motion is shown in the abstract of the record.

Appeal by defendant from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed February 19, 1927.

J. B. HARRIS, for appellant.

FRANCIS J. MANNING, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellant appealed from a justice of the peace to the circuit court where there was a trial *de novo* resulting in a verdict and judgment in favor of appellees for $98.

Appellant contends that the suit was brought in the name of one partner to collect a debt alleged to be due to the firm of which he was a member. At the close of appellees' evidence appellant requested a peremptory instruction on the ground that there was a nonjoinder of a necessary party plaintiff. The court granted leave to join the other partner as a coplaintiff and overruled the motion for a directed verdict. Appellant insists that the court erred in allowing an amendment at that stage of the proceedings. The court did not err in its ruling. A new party plaintiff may be joined with the original plaintiff, upon an appeal from a justice, after the trial has begun in the circuit court. *McDowell v. Town,* 90 Ill. 359; *Smith v. Martin & Oesterle,* 28 Ill. App. 224; *Zipp v. Uhland Hain No. 16,* 30 Ill. App. 280.

Appellant contends that even if the court had authority to allow the amendment, yet the amendment was never actually made, and for that reason, the judgment must be reversed. Where there is an order

granting leave to amend and the subsequent proceedings in the cause are based upon the assumption that the amendment has been made, the course is to consider the order as standing for the amendment itself. Where a motion to amend has been granted but no amended pleading appears in the judgment roll, it may be treated, on appeal, as if actually made. *Hinchliffe v. Wenig Teaming Co.*, 274 Ill. 417-424; *Deutsch-Rœmisch Katholischer Central Verein v. Lartz*, 192 Ill. 485; *Ohlendorf v. Bennett*, 241 Ill. App. 537.

After the overruling of appellant's motion for a directed verdict, he introduced his evidence and at the close of all the evidence again requested a peremptory instruction. There is nothing in the record to indicate that he in any way informed the court that the amendment had not been made. In his motion for a new trial he set up that the court erred in denying his motion to dismiss the suit, on the ground in nonjoinder of necessary parties plaintiff, which was made at the close of the plaintiff's evidence, but he made no complaint whatever in regard to the court's refusal to direct a verdict at the close of all the evidence. It is quite apparent that after the leave to amend was granted appellant proceeded with the trial of the case upon the theory that an amendment had been made. Having failed to bring the matter to the attention of the trial court, he is in no position to urge the question in this court.

In his abstract of the record appellant shows that he made a formal motion to set aside the verdict and to enter judgment in his favor, notwithstanding the verdict, for the reason that there was a nonjoinder of necessary parties plaintiff, etc. No such motion appears in the transcript of the record. An abstract should not contain anything that does not appear in the transcript. If appellant made such a motion, he should have seen to it that it was properly made a part of the transcript.

Counsel for appellant criticises the trial judge rather severely because of the fact that he asked appellant some questions while upon the witness stand. No objection or exception was taken to the action of the court in that regard. While it is usually better for the court to leave the examination of the witnesses to the attorneys, yet we find nothing in the record to warrant the criticism of the trial court in this case. Appellant makes no claim that he is not justly indebted to the partnership in the amount for which the judgment was rendered. No reversible error having been pointed out, the judgment is affirmed.

*Affirmed.*