In re Estate of Herbert Muth, Deceased.
W. H. Vanderploeg et al., Appellees, v. Estate of Herbert Muth, Deceased. Halbert O. Crews, Appellant.

Gen. No. 37,767.

Opinion filed December 27, 1935.

Levinson, Becker, Gilbert, Peebles & Swiren, of Chicago, for appellant; Cecil Emery, of Chicago, of counsel.

Frisch & Frisch, of Chicago, for appellees; Samuel J. Nordorf, of Chicago, of counsel.

Mr. Presiding Justice Hall delivered the opinion of the court.

This in an appeal from an order of the circuit court of Cook county, allowing the claim of W. H. Vanderploeg, John Utt, John J. Anton, Monroe F. Cockrell and Fred A. Cuscaden, constituting the loan committee duly empowered to act as agent for and on behalf of the members of an unincorporated association transacting business as the National Credit Association Number One of the Seventh Federal Reserve District, against the estate of Herbert Muth, deceased, for the sum of $7,110.

On February 19, 1934, there was filed in the probate court of Cook county a claim against the estate of Herbert Muth, deceased, as follows:

"Samuel J. Nordorf, the duly authorized agent in this behalf of the National Credit Association Number One, a corporation, being duly sworn, deposes and says that the annexed claim against the estate of Herbert Muth, deceased, is just and unpaid and that there is due claimant upon four bonds, 2 for $2,000.00 each and 2 for $1,000.00 each, executed by the decedent for the sum of six thousand dollars ($6,000.00), with interest thereon from December 22, 1930, at 6% per annum, making a total of $6,950.00 and that there are no other claims against said estate."

"Samuel J. Nordorf,

"Subscribed and sworn to before me this 22nd day of September, A. D. 1933,

"Margaret V. Warren,
Notary Public."

In support of the claim, four bonds executed by Helena B. Muth and Herbert Muth were received in evidence, by the terms of which the makers are shown to be jointly and severally liable for their payment. By order of the probate court, the claim was allowed in favor of the claimant named, for the sum of $7,110,

class six, and it was ordered that the claim be paid in the due course of the administration of the estate. There is no question raised as to the amount of the claim, as allowed. Thereafter, Halbert O. Crews, administrator of the estate of Herbert Muth, perfected this appeal from the order to the circuit court of Cook county. A transcript of the record of the probate court in the cause was filed in the circuit court. On May 3, 1934, on motion of attorneys for claimant, it was ordered by the circuit court "that W. H. Vanderploeg, John Utt, John J. Anton, Monroe F. Cockrell and Fred A. Cuscaden, constituting the loan committee duly empowered to act as agent for and in behalf of the members of an unincorporated association transacting business as National Credit Association Number One of the Seventh Federal Reserve District, be substituted as claimant in place of the National Credit Association Number One, a corporation, and that the pleadings herein be and they are amended accordingly." After a hearing, the court entered the further order that the aforementioned persons constituting the loan committee duly empowered to act as agent for and in behalf of the members of an unincorporated association, transacting business as National Credit Association Number One of the Seventh Federal Reserve District, have and recover from the estate of Herbert Muth, deceased, the sum of $7,110, together with costs of the proceeding. It is from this order that the appeal herein is being prosecuted.

It is insisted by the administrator that inasmuch as the claimant named in the claim filed in the probate court, had no corporate existence, that the claim was a nullity and was void from the beginning and that the defendant having raised the defense of *nul tiel corporation* in the circuit court at the time the court allowed the claim to be amended, that therefore the court was in error in allowing the amendment; that the persons

associated as hereinbefore set forth had no power to sue, and that in view of the fact that there was no showing that there was any ownership of the bonds by any of these claimants, the court was in error in allowing such claim. It is also insisted by defendant that the court was in error in allowing an amendment to the claim to be made in the circuit court, substituting the name of a new and different claimant from the one named in the probate court.

We will first consider the question as to the right to amend, in the circuit court, a claim filed and allowed in the probate court, and pending on appeal to the circuit court, by substituting a new and different claimant. In *McCall v. Lee,* 120 Ill. 261, a claim based on certain promissory notes was filed on April 11, 1881, in the county court of Fulton county by one McKee, as administrator of the estate of Kate H. Lee, deceased, against the estate of Catherine Dwire, deceased. Over two years later, when the case was called for a hearing, and after the statutory period in which claims could be filed had expired, the court permitted an amendment of the claim to be made, by which another person was substituted as claimant. It was urged that this procedure was improper. Upon the question, the Supreme Court said:

"It is charged that this amendment was improper; that its allowance amounted to the filing of a new claim by a new party, after the two years, limited for the filing of claims, had expired, and that, therefore, the circuit court erred in directing the judgment in appellee's favor to be paid out of the assets of the estate in due course of administration. . . . In this case, the amendment did not make a new cause of action. The claim, as originally filed, was for the amounts of certain notes and other property, turned over by appellee to Mrs. Dwire in her lifetime. *After the substitution of*

*appellee's name, the claim was still for the same notes and property."*

In paragraph 69 of chapter 3, Cahill's Revised Statutes 1933, it is provided that:

"In all cases of the allowance or rejection of claims by the county court, as provided in this Act, either party may take an appeal from the decision rendered to the circuit court of the same county, in the same time and manner appeals are now taken from justices of the peace to the circuit courts, by appellant giving good and sufficient bond, with security, to be approved by the county judge; and such appeals shall be tried *de novo* in the circuit court."

It is the policy of the law of this State that the courts be liberal in allowing amendments to pleadings made in the furtherance of justice.

Chapter 110, paragraph 174 of Illinois State Bar Stats. 1935, provides that:

"At any time before final judgment in a civil action, amendments may be allowed on such terms as are just and reasonable, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand."

In *Grier v. Cable,* 159 Ill. 29, the Supreme Court passed upon the provisions of the Administration Act, with reference to the filing and adjudication of claims against the estates of deceased persons and the character and scope of the proceedings provided by statute therefor, and among other things, said:

"We are of the opinion that the proceedings provided by law in this State for the presentation and

allowance of claims against the estates of decedents are in no proper sense suits or proceedings at law or in chancery, but purely statutory proceedings, provided for the prompt and summary presentation, allowance and classification of all just claims against such estates. In some States claims are only required to be presented to the executor or administrator, and his settlement of them in due season obviates all further proceedings on the claimant's part, while his refusal or neglect to settle throws the claimant back upon his usual remedies at law, and the probate tribunal passes, not upon individual claims, but only upon the administration account, with its various items, and not in advance of payment, but after payment has been made. (Schouler on Executors and Administrators, sec. 420.) And this is believed to have been substantially the mode pursued in the administration of estates in England. But in this State each separate item must be presented to and allowed by the court exercising probate jurisdiction, and assigned to its proper class, before payment can properly be made. . . .

"In all of its essential features this proceeding is distinctively statutory. The mere fact that when a claim is contested, so as to necessitate a trial, the trial is to be conducted in the same way in which suits at law are tried, can not, of itself, have the effect of converting a purely statutory proceeding into a suit or proceeding at law. In all other respects the proceeding is *sui generis*, and bears no analogy to proceedings conducted according to the forms of the common law. No written pleadings are required. (*Thorp v. Goewey,* 85 Ill. 611; *Wolf v. Beaird,* 123 id. 585.) The proceeding is not governed by the technical rules which apply to suits at law. (*Scheel v. Eidman,* 68 Ill. 193.)''

In *Oberman v. Camden Fire Ins. Ass'n,* 314 Ill. 264, in construing the statute of amendments, the Supreme Court made the following observations:

"By section 39 of the Practice Act amendments may be allowed in a civil suit at any time before final judgment, on such terms as are just and reasonable, including the change of parties plaintiff, and by that section the adjudication of the court allowing such amendment shall be considered conclusive evidence of the identity of the action. It cannot be doubted that under that section the court had a right to amend by substituting other parties plaintiff.''

In view of the fact that the bonds upon which the claim herein is based had been presented to the probate court in support of the claim, and the fact that the amendment in the circuit court merely designated what was claimed to be the party having the right to recover on these bonds, we are of the opinion that the court was not in error in allowing the amendment to be made.

As stated it is also claimed that there is no showing of the right of this loan committee of this unincorporated association to recover upon these bonds.

D. G. Bellows, a witness produced by the claimant in the circuit court, testified in substance that he was connected with the National Credit Association of the Seventh Federal Reserve District in the capacity of clerk; that he was familiar with the formation of the National Credit Association of the Seventh Federal Reserve District, and that it was an unincorporated association of subscribing banks; that it was formed under articles of agreement evidenced in writing; that the original agreement is with the National Credit Corporation of New York, which is the parent institution of all associations, and that there is such an association for each Federal Reserve District.

Counsel for the executor do not dispute the fact that the loan committee of this association, as found by the court in its order of May 3, 1934, was the legally constituted loan committee of this association, that they were in the legal possession of these bonds at the time

of the hearing in the circuit court, that the bonds were payable to bearer, and that they were due and unpaid.

Article 8 of the by-laws of the plaintiff association, entitled ''Authority of Loan Committee,'' contains the following:

''The members of the Association hereby irrevocably constitute and appoint the Loan Committee, as at any time constituted, acting by a majority of its members then in office, as the agent of the members and each of them, with power to act in the name of the Association for the purpose of carrying out the objects and purposes of the Association.''

In *Schatzkis v. Rosenwald & Weil,* 267 Ill. App. 169, certain bonds had been deposited with the Chicago Title & Trust Company under an agreement, and the question arose as to the right of the Chicago Title & Trust Company to bring suit on such bonds, and the court said:

''It is undisputed that the bonds described in the demand had been deposited with and were in the possession of the Chicago Title & Trust Company as depositary for the Bondholders' Protective Committee. Possession of the bonds was *prima facie* evidence of ownership. (*Hoff v. Dougherty,* 243 Ill. App. 159, and cases cited.) On this state of the record the question is whether the offered proofs tended to support the cause of action. We believe they did and that the court erred in sustaining the objection.''

It is not disputed that the purpose of the association, as shown by its articles of agreement introduced in evidence, was to loan money. If the association had the power to loan money, it certainly possessed the power to enforce the repayment of these loans, in case they were not paid when due.

In *Guilfoil v. Arthur,* 158 Ill. 600, certain real estate had been conveyed by Mary J. Mitten to John H. Guilfoil in trust for the widows and orphans of the deceased

members of the Brotherhood of Locomotive Engineers. Guilfoil entered into the possession of the property, collected the rents and profits therefrom, and appropriated them to his own use, and refused to account for same to the officers of the brotherhood. A bill was filed by Arthur, and other officers of the Brotherhood of Locomotive Engineers, asking for the removal of the trustee and for an accounting. The Brotherhood of Locomotive Engineers was a voluntary association, not incorporated. It was insisted that the parties complainant could not sue, or be sued, nor could they authorize anyone to sue for them, and the court said:

"The bill might have been brought in the names of all the members of the Brotherhood of Locomotive Engineers, as persons jointly interested in the property; but where the members of an unincorporated association are numerous, as is the case here, the action may be brought in the names of a portion of the members, who sue for themselves and in behalf of all the other members, or, as was done in *Beatty v. Kuntz,* 2 Pet. 584, the action may be maintained in the name of a committee of persons regularly appointed by the organization."

The record as filed indicates that judgment had been obtained on these bonds in the municipal court prior to the filing of the claim in the probate court, and in his brief it is insisted by the executor that therefore the bonds were merged in the judgment, and that no right of action can be predicated upon them.

Since the filing of the record in this court, and in accordance with paragraph 220, section d, chapter 110, Illinois State Bar Stats. 1935 (the Civil Practice Act), there has been received in this court, as evidence, under the stipulation of the parties to the record, a transcript of the judgment of the municipal court of Chicago, in the matter referred to, which shows that on the 18th day of August, 1933, the National Credit Association,

a corporation, obtained a judgment for $7,327.50 against Helena B. Muth. It is our opinion that this judgment needs no further consideration here, inasmuch as the decedent, Herbert Muth, was not included in the judgment. It is also apparent that the person obtaining the judgment was nonexistent.

We are of the opinion that the circuit court was not in error in allowing the amendment to the claim to be made. Also, that the court was not in error in allowing the claim in favor of the claimant against the estate of Herbert Muth, deceased. Therefore, the judgment is affirmed.

*Affirmed.*

HEBEL, J., and DENIS E. SULLIVAN, J., concur.