First National Bank of Chicago, Successor Trustee Under the Will of Charles F. Kimball, Deceased, and Joseph A. Rakyta, Appellees, v. William C. Bohnhorst and Marie Bohnhorst, Appellants.

Gen. No. 40,923.

Heard in the first division of this court for the first district at the October term, 1939. Opinion filed May 20, 1940.

H. J. THAL, of Chicago, for appellants.

MADDEN, MECCIA & MEYER and JOHN BENEDEK, all of Chicago, for appellee; KENNETH G. MEYER, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Defendants appeal from an adverse judgment in a forcible detainer proceeding for possession of a farm; suit was commenced before a justice of the peace, who held against defendants; appeal was had to the circuit court and upon trial it there appeared that the First National Bank of Chicago, plaintiff in the justice court, had made a new lease to Joseph Rakyta, to commence upon the expiration of the tenancy of the defendants, and on leave Rakyta was made an additional party plaintiff; thereafter, on motion made by both plaintiffs, the court instructed the jury to render a verdict against defendants and in favor of Rakyta for possession of

the premises, and judgment was rendered on such verdict, from which defendants appeal.

Although the case is entitled First National Bank of Chicago, etc., as plaintiff, Rakyta is the sole appellee, as the judgment and the appeal bond are in his favor.

Defendants first say that no additional parties plaintiff can be added to or substituted for the original plaintiff if such original plaintiff has no cause of action. An appeal to the circuit court from a justice of the peace in a forcible entry and detainer proceeding is a trial *de novo* and the provisions of the Civil Practice Act are applicable. Section 1 of the act (ch. 110, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.001]) provides that it shall apply to all civil proceedings unless its application is expressly limited, except in forcible entry and detainer and other actions in which the procedure is regulated by special statute. By § 11, ch. 57 (the statute on Forcible Entry and Detainer [Jones Ill. Stats. Ann. 109.271]) the Civil Practice Act was made to apply to actions of forcible entry and detainer. This is the ruling in *Wainscott v. Penikoff*, 287 Ill. App. 78.

Section 26 of the Civil Practice Act [Ill. Rev. Stat. 1939, ch. 110, § 150; Jones Ill. Stats. Ann. 104.026] provides that new parties may be added at any stage of the cause, as the ends of justice may require, and section 46 [Ill. Rev. Stat. 1939, ch. 110, § 170; Jones Ill. Stats. Ann. 104.046] provides that at any time before final judgment amendments may be allowed, introducing any party who ought to have been joined as plaintiff or defendant.

Even before the adoption of the present Civil Practice Act it was permitted to add a new party to a cause pending in the circuit court from an appeal from a justice of the peace. In *Merriam v. Martin*, 132 Ill. App. 151, Merriam was the original defendant, and on trial before the justice he was dismissed, but when the cause reached the circuit court on appeal plaintiff moved to make Merriam an additional party defendant, and it

was held that this could be done by force of section 23 [Ill. Rev. Stat. 1939, ch. 110, § 147; Jones Ill. Stats. Ann, 104.023] of the Practice Act. *McCall v. Lee*, 120 Ill, 261, was an appeal from the probate court to the circuit court; when the case reached the circuit court a new claimant was substituted for the claimant in the probate court; the court held this was proper, saying it was the policy of the law of this State that the courts be liberal in allowing amendments in the furtherance of justice. *In re Estate of Muth*, 283 Ill. App. 19, was decided subsequent to the passage of the present Civil Practice Act, and there, on appeal to the circuit court, a new and different claimant was substituted for the claimant in the probate court.

The evidence before the circuit court shows defendants were in possession under a lease which expired March 1, 1939, and had been paying rent to the First National Bank of Chicago as successor trustee, etc.; February 28, 1939, the bank executed a lease of the premises to Joseph A. Rakyta for a term commencing March 1, 1939 and ending March 1, 1940. Rakyta, the new tenant, was held to be the proper and necessary party to bring the action.

Defendants say that before Rakyta could maintain an action against them it was necessary for him to serve a demand for possession. Clause 4, § 2, ch. 57 (Forcible Entry and Detainer Act [Ill. Rev. Stat. 1939; Jones Ill. Stats. Ann. 109.264]) provides that the person entitled to possession of lands may obtain the same whenever any lessee "holds possession without right after the determination of the lease or tenancy by its own limitation, condition or terms, or by notice to quit or otherwise." In *Travis v. Geiger*, 215 Ill. App. 461, the lease to Geiger expired March 1, 1919; a new lease was made to Travis for a term beginning March 1, 1919; Travis made no demand for possession before commencing suit and Geiger claimed this as a defense; the court held that demand for possession was not

necessary in an action of forcible detainer against a tenant holding over. To the same effect is *Webb v. Heyman*, 40 Ill. App. 335.

Defendants claim there was evidence tending to show the granting of a new lease to them by the bank, as trustee, to take effect March 1, 1939. The evidence shows there was no definite agreement for this. December 2, 1938, Mr. Greeley, representing the bank, had a conversation with Mr. Bohnhorst with reference to the payment of rent which Bohnhorst was slow in paying, and Greeley told him he could remain in possession so long as he paid the rent. Such indefinite statements are not sufficient to create a new lease, and this alleged conversation had reference to the rental under the current lease to defendants. There was no agreement as to a future leasing.

The court properly directed the jury to find for plaintiff, Rakyta, and the judgment based upon this verdict is affirmed.

*Judgment affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.