William O. Wainscott, Appellee, v. C. H. Penikoff, Appellant.

Gen. No. 38,950.

Opinion filed November 2, 1936.

BYRON C. SHARPE, of Chicago, for appellant; ABRAHAM MILLER, of Chicago, of counsel.

R. E. BLACKWOOD, of Chicago, for appellee.

Mr. Justice McSurely delivered the opinion of the court.

Defendant appeals from a summary judgment entered against him in a forcible detainer action.

Plaintiff alleged in his complaint that he was entitled to the possession of certain premises on West Madison street, Chicago, and that defendant unlawfully withheld possession of the premises from plaintiff although plaintiff made demand therefor in accordance with the statute.

Defendant filed an answer denying in general terms that plaintiff was entitled to possession of the premises and that the defendant unlawfully withheld possession.

Subsequently plaintiff filed a motion for a summary judgment, supported by his affidavit; defendant moved to strike this affidavit as insufficient in law; this motion was denied and plaintiff's motion was allowed and judgment was entered that plaintiff recover possession of the premises described in the complaint and have a writ of restitution; this appeal followed.

Defendant argues plausibly that the provisions of the Civil Practice Act with reference to summary judgments, and the rules adopted pursuant thereto, are not applicable to actions for forcible detainer.

Section 57 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 185, is the Summary Judgment Act; it provides that, subject to rules, if the plaintiff "in any action to recover possession of land . . . shall file an affidavit . . . of the truth of the facts upon which his complaint is based . . . the court shall, upon plaintiff's motion, enter a judgment in his favor for the relief so demanded."

In 1935 section 11 of the Forcible Entry and Detainer Act was amended to read as follows:

"The provisions of the Civil Practice Act, and all existing and future amendments of said Act and modi-

fications thereof, and the rules now or hereafter adopted pursuant to said Act, shall apply to all proceedings hereunder in courts of record, except as otherwise provided in this Act.'' (Ill. State Bar Stats. 1935, ch. 57, ¶ 11.)

Defendant says that section 57 of the Civil Practice Act, authorizing summary judgments, was intended to apply only to actions of ejectment, as the phrase of the section relating to the possession of land ''with or without . . . *mesne* profits'' applies only to actions of ejectment as provided for in section 33 and section 43 of the Ejectment Act, and does not apply to forcible entry and detainer actions where no provisions for the recovery of rents or mesne profits are to be found.

It is also said that the Forcible Entry and Detainer Act is a complete code of procedure in itself, excluding any other mode of procedure or kind of judgments, and that summary judgments can be rendered in those cases only in which express authority therefor is found in the statute, and that in our present statute there is no express authority for summary judgments in forcible detainer actions.

These points might have been persuasive prior to the 1935 amendment of the Forcible Entry and Detainer Act, section 11, above referred to. By clear and definite language it was there provided that the provisions of the Civil Practice Act, which provide for summary judgments, shall apply to forcible entry and detainer proceedings. To hold that these provisions do not apply to forcible detainer actions would amount to adding, by judicial interpretation, an exception to the comprehensive provisions of section 11. It hardly requires argument to produce the conclusion that section 11 means just what it says, and therefore the provisions of the Civil Practice Act providing for summary judgments apply to actions in forcible entry and detainer.

It was proper for defendant to test the sufficiency of plaintiff's affidavit and motion for summary judgment by a motion to strike. *People for use of Dyer v. Sanculius,* 284 Ill. App. 463. In the opinion in that case McCaskill's work on the Civil Practice Act is quoted as saying that the affidavits contemplated on a motion for a summary judgment "are designed to inform the court of the existence or non-existence of an issue worthy of trial."

Supreme Court Rule 15, Ill. State Bar Stats. 1935, ch. 110, ¶ 238, provides that the affidavits for summary judgments shall set forth with particularity the facts upon which the plaintiff's cause of action is based, and shall not consist of conclusions but of such facts as would be admissible in evidence.

Does the affidavit filed by plaintiff in support of his motion for summary judgment meet these requirements? He makes the affidavit, asserting that the action is brought to recover possession of certain premises in Chicago, describing them; that "affiant has a lease for said premises in good standing;—(see page 3 hereof)"; that affiant personally served a demand for the possession of the premises upon the defendant, and the demand, with an affidavit of service upon the defendant, is set forth in detail; that plaintiff also posted upon the premises duplicates of this notice of demand; that by reason of these facts plaintiff is entitled to possession of the premises and asks for judgment. The lease, appearing on page 3, attached to the affidavit, is a lengthy document, partially printed and typed; it is dated July 29, 1935, and purports to be a lease from the Chicago Title & Trust Company, as trustee, lessor, to William O. Wainscott (the plaintiff) lessee of the premises involved, for a term beginning September 1, 1935, and ending August 31, 1936, at a certain rental, payable monthly; the lease is signed by both parties.

We agree with the defendant that the affidavit must set forth the evidentiary facts, from which the conclusion of law follows that plaintiff has a valid claim.

The motion of defendant to strike alleges that plaintiff's affidavit fails to set forth the facts on which plaintiff's cause of action is based, as it fails to have attached thereto a sworn or certified copy of the lease upon which plaintiff relies. The objection is technical. It has been held in *Schornick v. Prudential Ins. Co.,* 277 Ill. App. 36, that highly technical interpretations of the Civil Practice Act are not favored. While plaintiff's affidavit in this respect may be subject to criticism as inartificially and awkwardly expressed, yet giving it a fair interpretation it manifestly means that when plaintiff said he had a lease for the premises, as appears on page 3 of his affidavit, he in effect swore that the lease referred to was the lease under which he was claiming, thus meeting the requirements of Rule 15 of the Supreme Court.

The affidavit is not open to criticism of the affidavit involved in *La Prise v. Wayne Circuit Judge,* 234 Mich. 371, where the affidavit merely stated that in the opinion of the attorney plaintiffs had a good and meritorious cause of action against the defendant.

Plaintiff's claim in the instant case rested upon his rights under his lease. Proof of this document, with evidence of a demand for possession, in the absence of any defense would entitle plaintiff to a judgment. All the necessary evidentiary facts authorizing a judgment are contained in plaintiff's affidavit.

Defendant's affidavit of merits does not avail him upon the motion for summary judgment. It denies only in general terms the right of action in plaintiff. It was held in *Dwan v. Massarene,* 192 N. Y. S. 577, that the defendant must show that he has a bona fide defense to the action, and cannot shelter himself behind general denials.

Defendant by his motion to strike admitted that plaintiff was a lessee of the premises for a term covering the time when plaintiff demanded possession of the premises. If there was any meritorious defense defendant could have presented it in an affidavit of merits to prevent the entry of a summary judgment, as required in Supreme Court Rule 15, ch. 110, ¶ 238.

We see no convincing reason to reverse the judgment and it is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.