**A. P. Shirley et al., Trading as Shirley, Olcott and Nichols, Appellees, v. Ellis Drier Company, Appellant.**

**Gen. No. 41,684.**

Opinion
filed June 9, 1941.

HUTSON, TRAEGER & BOLGER, of Chicago, for appellant; FRANK J. SMITH, of Chicago, and LAWRENCE C. TRAEGER, of counsel.

NELSON, SLATER & BOODELL, of Chicago, for appellees; LOUIS A. McLEAN, of Chicago, and DRENNAN J. SLATER and THOMAS J. Boodell, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Defendant appeals from a summary judgment for plaintiffs for $2,042.78, representing commissions earned by plaintiffs on sales for defendant of laundry machinery to the federal government.

Plaintiffs claimed an approximate amount of $8,000 from defendant, which in its answer stated as a partial defense that it was agreed the commission was to be paid upon the contract price after deducting freight, installation costs, penalties and discounts, and only when the contract price was fully paid. The trial court reserved for trial the issues made by this allegation and entered judgment for the amount not in dispute, except as hereinafter stated.

The case was tried by the court—Judge HARRY M. FISHER, who, in passing upon plaintiffs' motion for summary judgment, correctly stated the procedure to be followed upon such a motion, saying that "the Court takes the affidavit of plaintiff and the affidavit of the defendant, compares both of them precisely as

if the affidavits represented oral evidence of witnesses appearing on the witness stand, and then determines whether, if the evidence contained in these affidavits was orally submitted to the Court, there would be something left to go to a jury. If there is anything left to go to the jury the motion for summary judgment is denied. If what is contained in the affidavits would have constituted all the evidence before the Court and upon such evidence, there would be nothing left to go to the jury, and the Court would be required to direct a verdict, then a summary judgment will be entered.''

Defendant asserts as a defense that plaintiffs had represented competitors of defendant in violation of plaintiffs' agreement to represent defendant exclusively and not any of its competitors, and thereby plaintiffs had not exercised good faith in the performance of their contract with defendant and were not entitled to compensation; also that defendant had enclosed a check for $500 to plaintiffs' order with a letter which stated that $500 was fair compensation for plaintiffs' services, which check was cashed, and that this amounted to an accord and satisfaction of plaintiffs' entire claim.

Defendant's amended answer states plaintiffs had in their employ or as agent one Chappelear, who represented a competitor of defendant; that he represented the Frohwitter Machine Co., the St. Joe Machine Works, and other competitors of defendant, and that this was in violation of the agreement between plaintiffs and defendant.

To this plaintiffs replied denying they represented any competitors of defendant in the sale of laundry machinery and equipment and asserted by affidavit that Chappelear was for a time employed by plaintiffs to abstract and report upon the sealed bids when opened, received by the United States department purchasing material, and that there were numerous public openings of bids at the same time and it became nec-

essary for plaintiffs to employ persons to do the clerical work of reporting or abstracting these bids; that on or about February 15, 1940, plaintiffs for the first time learned that Chappelear had done the same kind of clerical abstracting work for one Frohwitter, but that long before this plaintiffs had ceased to employ Chappelear to do abstracting work. There were attached sundry letters, one of which was signed by the president of the defendant company addressed to plaintiffs, dated February 7, 1940, in which he stated that he had lunch with certain men connected with the St. Joe Machine Co., who manufactured the laundry equipment sold by Frohwitter; that these men told the writer of the letter that their government work was being handled by plaintiffs. To this plaintiffs replied by letter expressing dissatisfaction with defendant's methods of doing business since the death of Mr. Norman Ellis, who handled the business relations between the defendant company and plaintiffs. Plaintiffs denied they were handling any of the business of the St. Joe Machine Co., and that any member of the plaintiff had ever met or corresponded in any manner with either of these men, and said they had never even heard their names prior to the receipt of defendant's letter. They also reminded defendant that they had asked if it had any objection to Chappelear furnishing abstract service of bids to Frohwitter, and of being informed by defendant that it did object because it felt particularly bitter against Frohwitter because of certain reasons attending his leaving defendant's company; that receiving this information, plaintiffs requested Chappelear to discontinue his services to Frohwitter. Defendant's letter in reply virtually admitted it had not correctly stated the conversation between the men of the St. Joe Machine Works and, in effect, offered an apology.

There are other letters with reference to the account between the parties and also as to the character of Chappelear's work. Other letters follow with refer-

ence to the account between the parties. In a letter dated March 2, 1940, from plaintiffs to defendant, it was again stated that Chappelear had done some work for plaintiffs as an outside bookkeeper on a part time basis; that though he had had desk room in plaintiffs' office, he had established his own office in recently rented quarters. The letters are quite lengthy and it would serve no useful purpose to give their contents in detail. Defendant's affidavit of merits stated no facts which, if presented as evidence upon a trial, would tend to prove that plaintiffs had breached their agreement with defendant. It contained conclusions and charges and hearsay statements only. The trial court correctly found that it clearly appeared from the letters that Chappelear was not the agent of plaintiffs, nor did he represent any competitor on behalf of plaintiffs.

The statute stating the requirements for the entry of a summary judgment is found in paragraphs 1 and 2 of Supreme Court Rule 15. Ill. Rev. Stat. 1939, ch. 110, par. 259.15 [Jones Ill. Stats. Ann. 105.15]. It prescribes that "The affidavits in support of a motion for summary judgment shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the plaintiff's cause of action is based; . . . shall not consist of conclusions but of such facts as would be admissible in evidence; and shall affirmatively show that the affiant if sworn as a witness, can testify competently thereto." And "Affidavits of merits to prevent the entry of a summary judgment shall be drawn in the same manner as the affidavits mentioned in the foregoing paragraph of this rule." The affidavit of merits presented by defendant failed in all respects to meet the requirements of this rule. *Roberts v. Sauerman Bros., Inc.*, 300 Ill. App. 213, 216, 217; *Wainscott v. Penikoff*, 287 Ill. App. 78, 82. In the latter case it was said the affidavit of

merits must set forth "evidentiary facts" and not denials in general terms.

The remittance of $500 did not amount to an accord and satisfaction of plaintiffs' claim. The letter of February 7, 1940, enclosing the check to plaintiffs merely refers to the $500 enclosure as the amount "which we believe is fair compensation for your past services to us. . . ." To this plaintiffs replied that it was not satisfactory; that the records of defendant would show that many times this amount was legally due, and demanded the balance due be forwarded to plaintiffs. Where there is no dispute as to the facts, a payment of part of a balance due is not an accord and satisfaction. *Seidman v. Chicago Eye Shield Co.*, 267 Ill. App. 77. To constitute accord and satisfaction the offer must be accompanied by a declaration that if the party to whom the offer is made takes it he does so in satisfaction of his demand. *Canton Union Coal Co. v. Parlin & Orendorff Co.*, 215 Ill. 244, 247. The trial court correctly held that the check in question was not sent on such condition. There was merely an expression of an opinion that defendant thought that was all plaintiffs were entitled to because defendant had some supposed grievance. When plaintiffs accepted the check no implied release of defendant arose.

The allowance of the motion for summary judgment for $2,042.78, and the order that the balance of the claim stand for trial, was proper and it is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.