Catherine Barrett, Appellee, v. Bert Bender, Appellant.

Gen. No. 9,562.

Opinion filed March 8, 1948.
Rehearing denied May 4, 1948.    Released for publication May 5, 1948.

CHESTER THOMSON and HOMER ENGLISH, both of Bloomington, for appellant.

PRATT, HEFFERNAN & RAMSEYER and J. WILLIAM MEARA, all of Bloomington, for appellee.

MR. PRESIDING JUSTICE WHEAT delivered the opinion of the court.

This is an action of forcible entry and detainer brought in a justice court by Catherine Barrett, appellee herein, against Bert Bender, appellant herein, to recover possession of certain premises in the City of Normal, Illinois.

Defendant appealed to the county court of McLean county from default judgment entered in the justice court in favor of plaintiff. In the county court plaintiff filed motion for summary judgment, supported by affidavit, and defendant countered with a motion to strike the motion and affidavit of plaintiff, which motion to strike was denied, whereupon defendant filed his affidavit of merits, together with a demand for jury trial. On consideration of these affidavits, the county court entered an order allowing the motion for summary judgment and ordered that plaintiff recover possession of the premises from defendant, from which order this appeal is taken.

Appellant contends that the county court erred in allowing appellee's motion for summary judgment to stand and in ordering summary judgment thereon for the reason that the Illinois Summary Judgment Act (Ill. Rev. Stat. 1945, ch. 110, par. 181 [Jones Ill. Stats. Ann. 104.057]) is not applicable on an appeal from a justice court. The only case which appellant cites in support of this contention is *Seron v. Carlson,* 280 Ill. App. 396 (1935), wherein it was held that "the Practice Act of 1933 does not apply to appeals from a Justice of the Peace, but they are governed by the Justice of the Peace Act."

Appellant argues that the Summary Judgment Act, which is a part of the Civil Practice Act, should not, therefore, have been applied by the county court in this case on the appeal from the justice court.

However, the Forcible Entry and Detainer Act was not involved in the *Carlson* case, and we are of the opinion that the above-quoted *dictum* therefrom is clearly too broad to be strictly accurate because the Forcible Entry and Detainer Act specifically provides that the Civil Practice Act "shall apply to all proceedings (t)hereunder in courts of record except as otherwise provided in the (Forcible Entry and Detainer) Act." (Ill. Rev. Stat. 1945, ch. 57, par. 11 [Jones Ill. Stats. Ann. 109.271]. See also Supreme Court Rule 2, Ill. Rev. Stat. 1945, ch. 110, par. 259.2 [Jones Ill. Stats. Ann. 105.02] and *Wintersteen v. National Cooperage & Woodenware Co.*, 361 Ill. 95 (1935). The language "otherwise provided" in the Forcible Entry and Detainer Act has reference to provisions such as section 5, which specifically prescribes the contents of a sufficient complaint in forcible entry and detainer and is, therefore, controlling over the Civil Practice Act because, and to the extent that, it "provides otherwise" than the Civil Practice Act.

It seems clear from the provisions of section 5 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1945, ch. 57, par. 5 [Jones Ill. Stats. Ann. 109.267]) that a complaint which is sufficient to state a cause of action in forcible entry and detainer before a justice court would be equally sufficient to state a cause of action if filed originally before a court of record. Although the complaint filed by plaintiff appellee before the justice of the peace does not appear in the record, we assume from other matters contained in the record and briefs of counsel that a written complaint meeting the requirements of the above section 5 was in fact filed by plaintiff with the justice of the peace, and that on the appeal to the county court, the same was filed with the clerk of the county court as a part of the justice's transcript. Since the law is settled in this State that the Summary Judgment Act is applicable to Forcible Entry and Detainer Actions brought in the first instance in courts of record (*Wain-*

*scott v. Penikoff,* 287 Ill. App. 78 (1936); *Killian v. Welfare Engineering Co.,* 328 Ill. App. 375 (1946)), we find no merit in appellant's argument that the filing of pleadings meeting the requirements of section 31 and following sections of the Civil Practice Act (Ill. Rev. Stat. 1945, ch. 110, par. 155 *et seq.* [Jones Ill. Stats. Ann. 104.031 *et seq.*]) is a prerequisite to the application of the Summary Judgment Act. (See *First Nat. Bank of Chicago v. Bohnhorst,* 305 Ill. App. 251, at page 253 (1940) where the applicability of the Summary Judgment Act to an appeal from the justice court is affirmed without argument.) In appealing from the judgment of the justice court, defendant appellant was granted a *trial de novo* (Ill. Rev. Stat. 1945, ch. 79, par. 185 [Jones Ill. Stats. Ann. 71.174 note]; *First Nat. Bank of Chicago v. Bohnhorst, supra*) which proceeded as an original action before the county court should have proceeded (*Spieker v. Schonfeld,* 202 Ill. App. 310 (1917)) with the exception that plaintiff appellee's complaint came before the county court in the transcript of the justice's proceedings rather than being filed originally with the clerk of the county court (*Clikeman v. Korf,* 311 Ill. App. 175 (1941)). We find no sufficient reason why the applicability of the provisions of the Civil Practice Act should depend upon this minor procedural difference.

Although appellant has assigned as error the county court's refusal to allow the cause to be heard by a jury, he has not argued this point in his appeal brief, and it is clear that a primary function of the summary judgment procedure is to enable the court to determine whether there is any issue of fact to be tried by the jury. (*Mee v. Marks,* 304 Ill. App. 370; *Shirley v. Ellis Drier Co.,* 310 Ill. App. 518, reversed on other grounds, 379 Ill. 105.) The county court apparently found no such issue, and we find no error in that determination.

Finally defendant seems to assert, although his argument is unclear, that the county court did not have jurisdiction to enter judgment because the appeal

was not filed before the county court ten days before the term of court in which the cause was heard, as required by section 68 of the Justices and Constables Act of 1872 (Ill. Rev. Stat. 1945, ch. 79, par. 179 [Jones Ill. Stats. Ann. 71.174 note]). While it has been held that this section was not repealed by implication by the Act of 1895, the decisions so holding (see decisions collected in *Antrim v. Guyer & Calkins Co.,* 324 Ill. App. 641 at pages 646, 647 (1945)) were handed down prior to the effective date of the amendment to ch. 37, par. 176, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 36.162] which abolished the terms of county courts as established theretofore. Moreover, we are not advised how it is possible in practice to apply this section when terms of court no longer exist.

■■ It appears from the terms of ch. 79, par. 116, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 71.112], that, upon the appeal to the county court, appellant might have had "not less than ten nor more than 30 days" time in which to appear following service of summons upon him if the procedure prescribed in that section had been followed in this case. While it is unclear from the record whether appellant was so served with summons, it affirmatively appears that appellant pleaded to the merits and that he demanded a jury trial, either of which acts constituted a general appearance before the county court (*Schofield v. Pope,* 104 Ill. 130 (1882); *Miller v. Bennett,* 239 Ill. App. 306 (1925); *Williams v. Kraper,* 305 Ill. App. 159 (1940)). In addition, appellant did not raise this point in the lower court. Consequently, we find no merit in appellant's contention that the county court was without jurisdiction.

We find no error in the judgment of the county court.

*Affirmed.*