Jennie May Craig, Pearl Sapp, and Robert Sapp, Plaintiffs-Appellees, v. Ralph Launer, Leland Sweatman, and Roy Shores, Defendants-Appellants.

Gen. No. 9,806.

Opinion filed March 11, 1952. Released for publication April 7, 1952.

C. G. COLBURN, of Virginia, for appellants.

EPLER C. MILLS, and MYRON E. MILLS, of Virginia, and EDWARD J. FLYNN, of Jacksonville, for appellees.

MR. JUSTICE WHEAT delivered the opinion of the court.

Plaintiffs-appellees Jennie May Craig, Pearl Sapp and Robert Sapp brought this action for Forcible Entry and Detainer against defendants-appellants Ralph Launer, Leland Sweatman and Roy Shores for possession of certain farm lands in Cass county, Illinois. Plaintiffs' motion for summary judgment was allowed, judgment was entered in favor of plaintiffs for immediate possession and this appeal follows.

The complaint consists of two counts in the first of which Jennie May Craig is the plaintiff in which she alleges that the defendants are unlawfully in possession of the premises; that plaintiff became entitled to

such possession on December 21, 1950, upon the death of the life tenant, Lena Finnegan Schewe, pursuant to the will of John Finnegan, deceased, a copy of which will is attached to the complaint; that defendants refused to deliver up possession and unlawfully withheld the same from her. A paragraph asking for monetary damages was thereafter stricken on motion of plaintiff. In Count 2 the plaintiffs are Pearl Sapp and Robert Sapp, which count alleges that they became entitled to possession by virtue of a certain written lease with Jennie May Craig dated January 15, 1951, for said premises, a copy of which lease was attached to the complaint; that defendants refused to deliver up possession and unlawfully withheld the same from them. A count asking monetary damages was thereafter stricken on motion of plaintiffs. Defendants' motion to strike the complaint was filed and overruled. Plaintiffs filed a motion for summary judgment which was supported by certain affidavits. The affidavit of Jennie May Craig recites that under the will of John Finnegan, deceased, which was admitted to probate July 8, 1946, and who, at the time of his death was the fee simple owner of said premises, a life estate was given to the widow, Lena Finnegan, later Lena Finnegan Schewe; that the latter died December 21, 1950, thereby terminating such life estate; that under such will the plaintiff, Jennie May Craig, then became entitled to possession for her natural life; that the defendants, on December 21, 1950, were in actual possession of the premises under a claim as tenants under verbal lease from Lena Finnegan Schewe; that affiant demanded possession from defendants Launer and Sweatman in writing and that defendant Shores is an employee or agent of Launer and has no other title or interest in the premises; that affiant never leased said premises to defendants nor did she ratify, approve or adopt any prior lease or other arrangement

but on the contrary affiant rented said lands to Pearl Sapp and Robert Sapp under a written lease whereby the latter were entitled to possession as tenants on March 1, 1951. Complaint was filed March 8, 1951. The affidavit of Pearl Sapp in support of said motion for summary judgment recites that she and Robert Sapp are entitled to possession as tenants under the written lease of January 15, 1951, with Jennie May Craig; that she is personally acquainted with the defendants and that she had a conversation with the defendant Sweatman on or about January 16, 1951, and had a conversation with the defendant Launer on or about January 22, 1951, at which time each of said defendants stated that his claim for possession was under an oral agreement or lease made with Lena Finnegan Schewe. Thereafter defendants moved to strike the motion for summary judgment, which motion was denied and leave was granted defendants to answer and otherwise plead to the complaint. An answer was filed containing a general denial of the material allegations of the complaint and further alleging that defendant Launer is in possession of part of said premises as a tenant from year to year under an oral lease entered into more than five years prior thereto with John Finnegan; that the life tenant, Lena Finnegan, at all times recognized and acknowledged the rights of the defendant Launer under his said lease and at no time ever attempted to take possession of said premises away from him. Jury trial was requested. Defendants likewise filed a countermotion against entry of summary judgment supported by the affidavits of Launer and Sweatman. In the affidavit of Launer he stated that he is in actual possession of 160 acres of the premises under an oral lease with John Finnegan made more than five years ago; that the life tenant, Lena Finnegan, recognized and acknowledged his rights under such lease by accepting annual rents;

that in the fall of 1950 he planted a wheat crop on part of said premises which will mature in the summer of 1951; that he plowed about eighty acres of the premises in the fall of 1950 for the purpose of planting corn and soy beans in 1951; that his present lease does not expire until March 1, 1952. The affidavit of Sweatman states that he went into possession of the remainder of said premises, being 141 acres, several years ago under a lease with the life tenant, Lena Finnegan Schewe; that he began his present year's tenancy with the approval and consent of such life tenant; that in the fall of 1950 he plowed approximately ninety-five acres of the premises to plant in corn and soy beans in the spring of 1951; that he now has growing on said premises about twenty acres of oats. Both of these affidavits were filed April 20, 1951. Thereafter on April 24, 1951, plaintiffs filed motion to strike defendants' affidavits of merits and for judgment on the pleadings, which motion was allowed and judgment was then entered on the pleadings.

Among the assignments of error it is first urged that for plaintiffs to maintain an action in Forcible Entry and Detainer, it would have been necessary that plaintiffs must have been in possession and by a forcible entry have been deprived of such possession, making a distinction between a Forcible Entry and Detainer action and a Forcible Detainer action. There is no merit in this contention. Chapter 57, section 2, paragraphs 2 and 4, Illinois Revised Statutes 1949 [Jones Ill. Stats. Ann. 109.264, 109.266], Forcible Entry and Detainer, provide as follows:

("When Action May be Maintained). (2) When a peaceable entry is made and the possession unlawfully withheld. (4) When any lessee of the lands or tenements, or any person holding under him, holds possession without right after the determination of the

lease or tenancy by its own limitation, condition or terms, or by notice to quit or otherwise."

The plain provisions of this statute have been upheld countless times including the case cited by both of the parties hereto, *West Side Trust & Savings Bank v. Lopoten,* 358 Ill. 631, in which the court stated: "A right of action exists under the second clause of Section 2 where peaceable entry is made upon premises in the actual possession of either the plaintiff or of those to whose rights he has succeeded and the possession is unlawfully withheld after demand. . . . The manifest legislative intent disclosed by Section 2 is that only in cases brought under the first clause is the action primarily one for repossession, and that the remedy afforded by the remaining clauses is not restricted to those who were originally in possession of the land but also extends to the persons presently entitled to the possession after a demand in writing." It therefore follows that the plaintiff, Jennie May Craig, being entitled to the possession on December 21, 1950, upon the death of Lena Finnegan Schewe, could maintain her action and that likewise the plaintiffs Pearl Sapp and Robert Sapp, under the written lease dated January 15, 1951, were entitled to possession as tenants and could maintain their action.

 Defendants next contend that they were entitled to the right of trial by jury and that proceedings for summary judgment are not applicable to Forcible Entry and Detainer actions. There is no merit in this contention as the law is well settled to the contrary. In the case of *Barrett v. Bender,* 334 Ill. App. 135, this court held that the Act relating to summary judgment was applicable to Forcible Entry and Detainer cases and cited *Wainscott v. Penikoff,* 287 Ill. App. 78, and *Killian v. Welfare Engineering Co.,* 328 Ill. App. 375.

The primary function of the summary judgment procedure is to enable the court to determine whether there is any issue of fact to be tried by the jury and where no such issue appears summary judgment should be entered. (*Mee v. Marks,* 304 Ill. App. 370; *Shirley v. Ellis Drier Co.,* 310 Ill. App. 518; *Killian v. Welfare Engineering Co.,* 328 Ill. App. 375.)

■■■ It is further urged that defendants had a lease from March 1, 1951, to March 1, 1952, by virtue of an oral agreement with the life tenant, Lena Finnegan Schewe. The applicable part of the law is set forth in the case of *Peters v. Balke,* 170 Ill. 304, wherein it is held that a life tenant cannot make a lease for a longer period than his own term unless joined by the remainderman, and his lessee, upon the death of the life tenant, becomes a tenant by sufferance or at will. A tenancy by sufferance or at will is terminated by a demand for possession. The case of *Roberts v. McAllister,* 226 Ill. App. 356, holds that the reversioner has the right to possession of all the demised premises immediately upon the death of the life tenant. The trial court correctly held that the defendants were not entitled to possession of the premises.

■■■ The subject of emblements is suggested in the brief of the defendants but such is not an issue in this case. If such rights exist in defendants, such have no bearing on the question as to right of possession.

By reason of the foregoing, this court finds that the circuit court of Cass county did not err in granting the motion for summary judgment and entering judgment thereon and such judgment is hereby affirmed.

*Affirmed.*