ROBERT F. CONRAD et al., Plaintiffs-Appellants, v. ANNIE DORIS LOGAN, Defendant-Appellee.

(No. 55037;

First District—April 6, 1972.

Angelo Ruggiero, of Chicago, for appellants.

Leibman, Williams, Bennett, Baird & Minow, of Chicago, (David P. List and Henry L. Mason III, of counsel,) for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs instituted an action for slander and libel against defendant, Annie Doris Logan. The trial court granted defendant's motion to strike the complaint, and permitted plaintiffs to file an amended complaint. After plaintiffs filed an amended complaint, defendant filed a motion, accompanied by an affidavit, for summary judgment. Plaintiffs filed an answer and counter-affidavit to the motion for summary judgment. After considering the pleadings, affidavits, and hearing argument, the trial court allowed defendant's motion for summary judgment. On appeal, plaintiffs contend that the court erred in granting summary judgment because there was a genuine issue as to material fact.

In two counts, the original complaint charged that defendant caused a statement to be read which said as follows:

"That the plaintiff[s] used undue influence upon Annie Doris Logan to persuade Henry H. Logan to sign a voting trust so that plaintiff[s] could steal Logan Engineering Co. from Henry H. Logan for his [their] own use and benefit."

Defendant moved to dismiss the complaint on the grounds that it failed to allege the exact wording of the defamatory material, and because it failed to allege the manner in which defendant disseminated the material. The trial court struck the complaint, and plaintiffs filed an amended complaint. The amended complaint, also in two counts, charged that defendants signed a statement which was read by her husband in the boardroom of the Logan Engineering Company on April 10, 1969. The complaint alleged that the statement contained the following defamatory words:

"That the plaintiff[s] used undue influence and exerted pressure on the defendant, Annie Doris Logan, so that she could persuade her husband, Henry H. Logan, majority shareholder of Logan Engineering Co. trust, to set up a voting trust for said stock so that the plaintiff[s] and other parties could steal said stock and thus Logan Engineering Co. from Henry H. Logan for his [their] own use and benefit."

The complaint went on to charge that the statement was false, that it had been read in the presence of several persons, and that it injured plaintiffs in their reputation and employment. The amended complaint also alleged that plaintiffs had been refused copies of the sworn statement by Henry Logan and officials of the company, and thus did not have the statement in their possession.

Defendant moved for summary judgment on the grounds that the amended complaint failed to allege with particularity the defamatory material. With the motion, defendant submitted an affidavit, including a copy of the only statement known to her to have been read on her behalf on the date and place alleged. Defendant also stated that the lan-

guage of the statement as reflected in her affidavit was capable of being read innocently and as such was nonactionable at law. Plaintiffs filed an answer to the motion for summary judgment, in which they charged that the statement contained in defendant's affidavit was not the statement which had been read on defendant's behalf by her husband at the board meeting. Plaintiffs' answer also maintained that the statement read should be part of the minutes of the meeting, but that the minutes had not been made available to plaintiffs. Plaintiffs' answer contained their affidavit which they alleged set forth in exact language the statement spoken by defendant through her husband. The statement read as follows:

"Monberg and Conrad used undue influence on a sick lady in a hospital and that they tried to steal the company away from my husband."

Plaintiffs' affidavit further recited that the statement was read twice at the meeting in the presence of various named witnesses. Thereafter, the trial court granted defendant's motion for summary judgment.

■■ The right to summary judgment is established by statute. (Ill. Rev. Stat. 1967, ch. 110, par. 57.) The primary function of the procedure is to enable a court to determine whether there is any issue of fact to be tried by a jury. (*Craig v. Launer*, 346 Ill.App. 234, 104 N.E.2d 830.) If the pleadings, affidavits and exhibits indicate that there is a genuine issue as to any material fact, summary judgment must not be allowed. *Reed v. Albanese*, 78 Ill.App.2d 53, 223 N.E.2d 419.

■■■ We find in the instant case that a genuine issue of material fact was created by the pleadings. Therefore, we hold that the trial court erred in granting summary judgment. Defendant does not attempt to argue that the statement set forth in plaintiffs' answer to her motion for summary judgment was capable of being read innocently and thus non-actionable under the innocent construction rule. (See *John v. Tribune Co.*, 24 Ill.2d 437, 181 N.E.2d 105; also see *Conrad and Monberg v. Henry Logan* (1972), 4 Ill.App.3d 981, companion to the instant case.) Rather, she maintains that the trial court was justified in granting summary judgment on her behalf because plaintiffs in their pleadings had offered three inconsistent versions of the same statement. However, the language contained in each of plaintiffs' three pleadings was not inconsistent with the other. While the statement set forth in plaintiffs' final affidavit was more precise than that found in their earlier pleadings, it was not at variance with the language of the original or amended complaints. In that connection, we note initially that plaintiffs had been unable to obtain either a copy of the statement in question or of the minutes of the meeting from defendant's husband or company officials. We note also that, contrary to defendant's claim in this court, plaintiffs' final affidavit alleged that it was quoting defendant's exact language. The crux of the language

in all of plaintiffs' pleadings was the allegation that defendant had accused plaintiffs of a crime. Although plaintiffs' version of the statement read on behalf of defendant was not self-contradictory, it was in direct dispute with the sworn version offered by defendant in her motion for summary judgment. Consequently, a genuine issue of material fact was created, and it was error to grant summary judgment.

Accordingly, the judgment of the Circuit Court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Judgment reversed and cause remanded.

McGLOON, P. J., and DEMPSEY, J., concur.