CANDLEWICK LAKE UTILITIES CO., Plaintiff-Appellee, *v.* DONNA J. AHRENSFELD *et al.*, Defendants-Appellants.

First District (1st Division)   No. 78-979

Opinion filed July 30, 1979.

E. T. Cunningham, of Chicago, for appellants.

Alan R. Borlack and Timothy F. Kocian, of Antonow and Fink, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendants file a consolidated appeal from an order granting plaintiff Candlewick Lake Utilities Company's motions for summary judgment. The trial court ruled that, as a matter of law, defendants owed plaintiff a monthly availability charge for making sewer and water services available to them. Both sides had previously filed affidavits contesting the issue whether sewer and water services had in fact been made available to defendants. Defendants appeal.

On appeal, defendants argue that the trial court erroneously granted plaintiff's motion for summary judgment since there existed a material factual issue.

We reverse and remand.

Plaintiff Candlewick Lake Utilities Company is an Illinois corporation authorized to provide sewer and water services to the Candlewick Lake subdivision. Defendants are individuals who own unimproved lots in the subdivision. When purchasing the lots, each defendant signed a purchase contract agreeing to observe all deed restrictions contained in the declaration of restrictions for the Candlewick Lake subdivision. An excerpt of the declaration was printed on the reverse side of the purchase contract. Restriction 13 provided as follows:

"* * * 13. Water and Sewer Services. Buyer agrees to pay to the public utility serving CANDLEWICK LAKE Subdivision, its successors, assigns, lessees or licensees, a MINIMUM MONTHLY AVAILABILITY CHARGE OF FIVE DOLLARS ($5.00) for water service and FOUR DOLLARS ($4.00) for sewer service, and the accomodation afforded by said systems, such payments to commence upon the availability of such services in mains or lines located in front of or adjacent to the Lot and continuing thereafter so long as water or sewer service is available for use, said AVAILABILITY CHARGES shall be payable whether or not taps or connections have actually been made to the systems and whether or not Buyer is actually using the sewer or taking water. Said AVAILABILITY CHARGE shall apply to and be charged for each Lot owned by Buyer. * * *"

All of the defendants purchased their lots in either July or August of 1972. Plaintiff installed sewer and water mains sometime prior to October 15, 1974. Once the sewer and water mains were installed, plaintiff began billing defendants for the availability charges in accordance with Restriction 13. Defendants failed to pay.

Plaintiff filed six separate suits to recover the amounts allegedly owed by defendants. In its motions for summary judgment plaintiff included an affidavit containing the testimony of its operations manager. The operations manager stated that he personally observed the installation and testing of the sewer and water mains adjacent to each of the defendants' lots.

In opposition to plaintiff's motion for summary judgment, each of the defendants also filed affidavits. Each affidavit stated the estimated number of times that the particular defendant visited the subdivision from the time of their purchase in 1972 to 1976. The yearly number of visits ranged from one to as many as four or five. All of the affidavits were similar in format and each concluded as follows:

"At no time during my visits did I observe any work being done in the vicinity of Lot [applicable lot number] for the underground installation of any utilities, except possibly electricity. No ditches have been dug, no pipes have been laid, and to the best of my knowledge and belief, there has been no disturbance of the land in front of or adjacent to my lot which could possibly have been used for the installation of sewer or water lines."

The trial court subsequently granted plaintiff's motion for summary judgment. The cases were consolidated for appeal and defendants appealed.

On appeal, defendants argue that the trial court erroneously granted plaintiff's motion for summary judgment.

We agree. In Illinois, it is well settled that a motion for summary judgment is properly granted when there exists no material factual issue. (*Renieris v. Village of Skokie* (1967), 85 Ill. App. 2d 418, 229 N.E.2d 345; *Craig v. Launer* (1952), 346 Ill. App. 234, 104 N.E.2d 830.) Further, the right of a party to invoke the remedy must be free from doubt. (*Brooks v. Dean Berenz Asphalt Co.* (1967), 83 Ill. App. 2d 258, 227 N.E.2d 100.) In *Donart v. Board of Governors* (1976), 39 Ill. App. 3d 484, 349 N.E.2d 486, a college instructor sought damages for a breach of his employment contract. In count I he alleged that the president of the university refused to transmit certain recommendations to the board of governors. The defendant refuted the allegation by filing an affidavit indicating that the documents were in fact received. The trial court apparently considered defendant's affidavit irrefutable and granted a summary judgment in defendant's favor as to count I. The appellate court reversed, holding that the entry of a summary judgment was improper since there existed a dispute as to a material fact.

Likewise, in the instant case it was improper for the trial court to enter a summary judgment in plaintiff's favor. In the affidavit filed by plaintiff's operations manager, he stated that sewer and water service was available in the street adjacent to each of defendants' lots. In the affidavits filed by defendants, however, they stated that there were no sewer or water lines adjacent to their lots. Because there exists a dispute as to a material fact, it was improper for the trial court to grant plaintiff's motion for summary judgment.

Accordingly, for the foregoing reasons, the order of the circuit court of Cook County is reversed and remanded for further proceedings consistent with this opinion.

Order reversed; cause remanded.

O'CONNOR and CAMPBELL, JJ., concur.