EVERETT OLMSTEAD, Plaintiff-Appellee, v. MERLIN NODLAND, Defendant-Appellant.

Third District    No. 3—04—0413

Opinion filed April 29, 2005.

Michael W. Fuller and George C. Hupp, Jr. (argued), both of Hupp, Lanuti, Irion & Burton, P.C., of Ottawa, for appellant.

Gregory R. Bowman (argued), of Bowman Law Firm, of Princeton, for appellee.

JUSTICE SCHMIDT delivered the opinion of the court:

Plaintiff, Everett Olmstead, filed this declaratory judgment action asking the trial court of La Salle County to declare that defendant Merlin Nodland's tenancy on a piece of farmland was properly terminated. Following a review of the evidence submitted by both parties, the trial court found in favor of the plaintiff and held that the defendant's tenancy terminated on February 29, 2004. Defendant appeals.

## BACKGROUND

On March 1, 2001, Nodland entered into a cash rent lease with Dorothy Diem. Ms. Diem was a life tenant on the subject parcel of farmland. Nodland agreed to pay Ms. Diem rent as described in the lease in exchange for the right to farm the subject land. Applicable provisions of the lease include the following:

"LENGTH OF TENURE: The Term of this lease shall begin on the 1st day of March, 2001, and shall continue through the 28th day of February 2002, and year to year thereafter, (1) unless terminated in writing executed by either the Landowner or Tenant not less than four months prior to the end of the current lease year."

Ms. Diem died on November 22, 2003. Plaintiff Olmstead was the sole remainderman in the subject property.

On November 24, 2003, Olmstead served notice of termination of tenancy upon Nodland. Nodland then informed Olmstead that he had

no intention of relinquishing his tenancy. Nodland asserted that he was entitled to farm the subject real estate for the 2004 crop year.

Olmstead then filed this declaratory judgment action on February 5, 2004. On February 23, 2004, Nodland tendered payment as required by the lease which was rejected by Olmstead. On May 10, 2004, the trial court entered the order in favor of Olmstead from which Nodland appeals.

## ANALYSIS

We conduct a *de novo* review when resolving issues of statutory construction. *Department of Public Aid ex rel. Davis v. Brewer*, 183 Ill. 2d 540 (1998).

■ At common law, a life tenant could not make a lease for a longer period than his own term unless joined by the remainderman. *Craig v. Launer*, 346 Ill. App. 234, 104 N.E.2d 830 (1952). In a lease situation, upon the death of the life tenant, the lessee became a tenant by sufferance or at will. *Craig*, 346 Ill. App. at 240. Tenancies at will or by sufferance are terminated by a proper demand for possession. *Craig*, 346 Ill. App. at 240.

■ Section 9—206.1 of the Code of Civil Procedure (the Code) (735 ILCS 5/9—206.1(a) (West 2002)) became effective January 1, 1997, and states as follows:

> "(a) Tenancies from year to year of farmland occupied on a crop share, livestock share, cash rent, or other rental basis in which the lessor is the life tenant or the representative of the life tenant shall continue until the end of the current lease year in which the life tenant's interest terminates unless otherwise provided in writing by the lessor and the lessee." 735 ILCS 5/9—206.1(a) (West 2002).

Language of a statute that is plain and unambiguous will be given effect without resorting to other aids of construction. *Lucas v. Lakin*, 175 Ill. 2d 166 (1997).

■ Ms. Diem, the lessor, held the subject property as a life tenant. Her agreement with the lessee was in the form of a year-to-year cash rent lease. Therefore, the lease and the agreement are governed by the plain language of section 9—206.1 of the Code. This statute is clearly written and, when interpreted in conjunction with the facts of this case, mandates that the cash rent lease terminated at the end of the current lease "year in which [Ms. Diem's] interest terminates unless otherwise provided in writing by the lessor and lessee."

Through section 9—206.1 of the Code, the legislature has allowed for a lease between life tenant and lessee to remain in effect beyond the life tenant's death to the end of the lease year and, arguably, even beyond that if "provided in writing by the lessor and the lessee." 735 ILCS 5/9—206.1 (West 2002). This allowance is in derogation of the

common law. Statutes in derogation of the common law are to be strictly construed. *Malfeo v. Larson*, 208 Ill. App. 3d 418, 567 N.E.2d 364 (1990).

Nodland relies predominately on *Mann v. Mann*, 283 Ill. App. 3d 915, 671 N.E.2d 73 (1996), in support of his argument that the remainderman is bound by the terms of the lease agreement. We find that the facts presented in *Mann* are distinct and, therefore, we disagree. In *Mann*, the lessor and lessee entered into a "Crop Share Farm Lease" with a specific lease period of 15 years. *Mann*, 283 Ill. App. 3d at 917, 671 N.E.2d at 75. Shortly after recording the lease, the lessor conveyed his interest in the property by deed to the grantees, reserving a life estate in himself and expressly providing that the deed be subject to the lease. *Mann*, 283 Ill. App. 3d at 917, 671 N.E.2d at 75. This court stated that it was clear that the deceased "intended the remainderman to honor the terms of the leasehold agreement." *Mann*, 283 Ill. App. 3d at 919, 671 N.E.2d at 76.

In the case at bar, there is no indication that the life tenant ever held a fee simple title in the property, let alone at the time she entered the lease agreement. Similarly, there is no indication that the original grantor intended the remainderman to be bound by any lease agreements between the life tenant and its lessee. Therefore, we find *Mann* to be inapposite.

A review of the lease shows that the lease appears to be boilerplate which parrots the statutory provision requiring four months' notice of termination of a year-to-year lease. The lease, signed by the lessor and lessee, provides that its provisions shall be binding on the "heirs" of both parties to the lease. However, a remainderman is not an heir to a life tenant, at least with respect to the property subject to the life tenancy. The remainderman takes, not through the life tenant, but after the life tenant and through the original grantor (who may, as in *Mann*, actually be the life tenant). A life tenant's ownership interest in the property expires at the same moment the life tenant does. Since the remainderman is not an heir of the life tenant, we hold that this lease does not "otherwise provide" as set forth in this statute. 735 ILCS 5/9—206.1(a) (West 2002).

While we need not decide this issue in light of our holding above, even if the lease did "otherwise provide," we would find an interesting question. Except in cases where the facts are similar to those as in *Mann*, maybe the only reasonable construction of the statutory language "unless otherwise provided" is that the life tenant and lessee may "otherwise provide" that the lease terminates on the life tenant's death or sometime *prior* to the end of the current lease year. Can a life tenant and lessee, without the agreement of the remainder-

man, "otherwise provide" for the lease to continue well beyond the death of the life tenant? Can a stream rise higher than its source? The construction of this statute suggested by the lessee would raise constitutional issues regarding whether the statute deprived the remainderman of his property without due process of law. We leave the answers to these questions for a day when they are squarely before the court.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

SLATER, P.J., and HOLDRIDGE, J., concur.